## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2020, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Darren Bedwell
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andre Chandler,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 30, 2020

Court of Appeals Case No.
20A-CR-826

Appeal from the
Marion Superior Court

The Honorable
Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1804-F1-12451

**Kirsch, Judge.**

[1] Andre Chandler ("Chandler") was convicted after a jury trial of three counts of child molesting as Level 1 felonies and five counts of child molesting as Level 4

felonies. Chandler now appeals two of his convictions for Level 4 felony child molesting, contending that the evidence presented at trial was insufficient to support his conviction under Original Count 9 ("Jury Count 8"),[1] or in the alternative, that his convictions for the two challenged Level 4 felony convictions violated double jeopardy.[2] The State agrees that the evidence at trial was insufficient to support Chandler's conviction for Jury Count 8. At trial, when the State asked the victim where Chandler had touched her, the victim replied "his hand -- his hand -- his hand, like -- it touched my -- (witness crying)." *Tr. Vol. II* at 186. When the State attempted to clarify which part of her body Chandler had touched, the victim responded "[m]y -- shoulder was, uh . . . ." *Id*. However, the victim was crying so intensely that the State requested a brief recess. *Id*. Later, after her testimony resumed, the State asked the victim if Chandler ever touched her anywhere else, and she testified that he "touched [her] chest one time" and gestured toward her "upper torso." *Id*. at 194. The victim clarified that she was referring to her breasts. *Id*. Based on the record, we agree with the parties and conclude that this testimony did not reflect that Chandler fondled the victim's breasts on more than one occasion. We, therefore, conclude that Chandler's conviction under Jury Count 8 was not supported by sufficient evidence, and we reverse his conviction

[1] The challenged conviction was originally charged under Count 9, but later, several counts were dismissed, and, at trial, the counts were renumbered, and the challenged conviction became Jury Count 8.

[2] Because we conclude that Chandler's Level 4 child-molesting conviction from Jury Count 8 should be vacated, it is unnecessary to address Chandler's double-jeopardy argument.

for Level 4 felony child molesting under Jury Count 8. We remand to the trial court with instructions to vacate the judgment of conviction for child molesting as a Level 4 felony from Jury Count 8.

[2] Reversed and remanded.

Pyle, J., and Tavitas, J., concur.